IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIO CESAR RODRIGUEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CIV-10-352-JHP |

## ORDER

On October 28, 2010, this Court advised Petitioner that it had construed his "Notice of Appeal of Final Sentence pursuant to 18 U.S.C. § 3742" as a Motion to Vacate Judgment and allowed the defendant to withdraw or amend his motion so that it would contain all of the § 2255 claims that he had. At that time, the Defendant was also advised if he decided to amend his motion, he should "show cause why the § 2255 motion should not be barred by the one-year statute of limitations." Doc. 6.

On November 19, 2010, Petitioner filed an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 and a Brief in Support. Docs. 7 and 8, respectively. Petitioner's Amended Motion does not, however, address why his motion is not barred by the one-year statute of limitations. After review of the underlying criminal case, this Court finds that Petitioner was sentenced on March 29, 2005. Thereafter, Petitioner filed a direct appeal and on October 24, 2006, the Tenth Circuit Court of Appeals affirmed his sentence. Petitioner did not seek *certiorari*.

Title 28 U.S.C. § 2255 provides, in relevant part, as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction becomes final;

*  *  *  *  *  *

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . . . .

In this case, the Petitioner's sentence became final ninety (90) days after the Tenth Court of Appeals affirmed his judgment or on January 22, 2007. See *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). Thus, Petitioner had until January 22, 2008 to file his § 2255 motion.

While Petitioner does not specifically address why his motion is not barred by the statute of limitations, Petitioner does argue the Supreme Court cases of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 3531, 159 L.Ed.2d 403 (2004), *United States v. Booker*, 543 U.S. 220, 135 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Kimbrough v. Untied States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Even liberally construing Petitioner's arguments to extend the statute of limitations under subsection (f)(3) to one year after the latest date of these Supreme Court cases, or until December 2008, Petitioner's motion is still not timely. Furthermore, the Supreme Court has never held that any of the cited cases should be applied retroactively on collateral review. *Bey v. United States*, 399 F.3d 1266 (10th Cir. 2005).

Accordingly, this Court hereby finds Petitioner's Motion to Vacate is barred by the statute of limitations. Therefore, the Petitioner's Motion is hereby dismissed. Additionally, pursuant to 28 U.S.C. § 2253(b)(2), this Court denies a certificate of appealability.

It is so ordered on this __26th__ day of January, 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma